# Exhibit A

## Case Description

**Case ID:** 260302348
**Case Caption:** ABRIGO VS AIRBNB, INC. ETAL
**Filing Date:** Tuesday , March 17th, 2026
**Location:** CH - CITY HALL
**Case Type:** 2S - PREMISES LIABILITY, SLIP/FALL
**Status:** CLWCM - WAITING TO LIST CASE MGMT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A310079 | NEUWIRTH, ANDREW T |
| **Address:** | NEUWIRTH LAW OFFICE LLC<br>2200 RENAISSANCE BLVD.<br>SUITE 270<br>KING OF PRUSSIA PA 19406<br>(215)259-3687<br>(215)253-5816 - FAX<br>andrew@neuwirthlaw.com | | **Aliases:** | *none* | |
| | | | | | |
| 2 | | | DEFENDANT | @12493764 | AIRBNB INC |
| **Address:** | 888 BRANNON STREET<br>SAN FRANCISCO CA 94103 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | 1 | | PLAINTIFF | @12493765 | ABRIGO, VICTOR |
| **Address:** | 177 BEVERLY ROAD<br>HEMPSTEAD NY 11550 | | **Aliases:** | *none* | |
| | | | | | |
| 4 | 8 | | DEFENDANT | @12493766 | RISSLER, PHILIP G |

| | | | | | |
|---|---|---|---|---|---|
| **Address:** | 807 WEAVERTOWN ROAD<br>MYERSVILLE PA 17067 | | **Aliases:** | *none* | |
| | | | | | |
| 5 | 8 | | DEFENDANT | @12493767 | RISSLER, CAROLYN A |
| **Address:** | 807 WEAVERTOWN ROAD<br>MYERSVILLE PA 17067 | | **Aliases:** | *none* | |
| | | | | | |
| 6 | | | DEFENDANT | @12493768 | JOHN DOE CORPORATION |
| **Address:** | 807 WEAVERTOWN ROAD<br>MYERSVILLE PA 17067 | | **Aliases:** | MANSION IN THE PINES | |
| | | | | | |
| 7 | | | TEAM LEADER | J402 | BRIGHT, GWENDOLYN N |
| **Address:** | 1206 STOUT CENTER FOR C.J.<br>1301 FILBERT ST.<br>PHILADELPHIA PA 19107 | | **Aliases:** | *none* | |
| | | | | | |
| 8 | | | ATTORNEY FOR DEFENDANT | A61899 | EVANS, JOHN R |
| **Address:** | MCGIVNEY KLUGER CLARK & INTOCC<br>1001 CONSHOHOCKEN STATE ROAD<br>SUITE 2-107<br>WEST CONSHOHOCKEN PA 19428<br>(215)557-1990<br>(215)557-7590 - FAX<br>jevans@mkcilaw.us.com | | **Aliases:** | *none* | |

**Docket Entries**

☐ **Check for Threaded Docket**
This feature will reduce the docket to motion related entries only.

| **Filing Date/Time** | **Docket Type** | **Filing Party** | **Disposition Amount** |
|---|---|---|---|
| 17-MAR-2026 10:30 AM | ACTIV - ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2603040547 | | |

| | | | |
|---|---|---|---|
| | | | |
| 17-MAR-2026 10:30 AM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | NEUWIRTH, ANDREW T | |
| **Documents:** | Final Cover | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 17-MAR-2026 10:30 AM | CMPLC - COMPLAINT FILED NOTICE GIVEN | NEUWIRTH, ANDREW T | |
| **Documents:** | Complaint- signed.pdf | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 17-MAR-2026 10:30 AM | JURYT - JURY TRIAL PERFECTED | NEUWIRTH, ANDREW T | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 17-MAR-2026 10:30 AM | CLWCM - WAITING TO LIST CASE MGMT CONF | NEUWIRTH, ANDREW T | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 02-APR-2026 09:45 AM | ENAPP - ENTRY OF APPEARANCE | EVANS, JOHN R | |
| **Documents:** | Abrigo (PA) Entry of Appearance.pdf | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF JOHN R EVANS FILED. (FILED ON BEHALF OF CAROLYN A RISSLER AND PHILIP G RISSLER) | | |

**NEUWIRTH LAW OFFICE, LLC**
By: Andrew T. Neuwirth, Esquire
ID No. 310079
2200 Renaissance Blvd., Suite 270
King of Prussia, PA 19406
Tel: 215-259-3687
Fax: 215-253-5816
andrew@neuwirthlaw.com

Filed and Attested by the Office of Judicial Records 17 MAR 2026 10:30 am S. GILLIAM

ATTORNEY FOR PLAINTIFFS

MAJOR JURY PROGRAM
JURY TRIAL REQUESTED

| | |
|---|---|
| **VICTOR ABRIGO**<br>**177 Beverly Road,**<br>**Hempstead, NY 11550**<br>**v.**<br><br>**AIRBNB, INC.**<br>**888 Brannon Street**<br>**San Francisco, CA 94103**<br>**and**<br>**PHILIP G. RISSLER**<br>**CAROLYN A. RISSLER**<br>**807 Weavertown Road**<br>**Myersville, PA 17067**<br>**and**<br>**JOHN DOE CORPORATION A/K/A MANSION IN THE PINES**<br>**807 Weavertown Road**<br>**Myersville, PA 17067**<br>*Defendant(s)* | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION - LAW**<br><br>**No:** |

## COMPLAINT-CIVIL ACTION
## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6300

ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio de Referencia e Información Legal
1101 Market Street, 11th Floor, Filadelfia, PA 19107
(215) 238-6300

**NEUWIRTH LAW OFFICE, LLC**

**NEUWIRTH LAW OFFICE, LLC**
By: Andrew T. Neuwirth, Esquire
ID No. 310079
2200 Renaissance Blvd., Suite 270
King of Prussia, PA 19406
Tel: 215-259-3687
Fax: 215-253-5816
andrew@neuwirthlaw.com

ATTORNEY FOR PLAINTIFF

MAJOR JURY PROGRAM
JURY TRIAL REQUESTED

| | |
|---|---|
| **VICTOR ABRIGO**<br>**177 Beverly Road,**<br>**Hempstead, NY 11550**<br><br>*Plaintiff*<br>**v.**<br><br>**AIRBNB, INC.**<br>**888 Brannon Street**<br>**San Francisco, CA 94103**<br>**and**<br>**PHILIP G. RISSLER**<br>**CAROLYN A. RISSLER**<br>**807 Weavertown Road**<br>**Myersville, PA 17067**<br>**and**<br>**JOHN DOE CORPORATION A/K/A**<br>**MANSION IN THE PINES**<br>**807 Weavertown Road**<br>**Myersville, PA 17067**<br>*Defendant(s)* | **COURT OF COMMON PLEAS**<br>**OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION - LAW**<br><br>**No:** |

## COMPLAINT - CIVIL ACTION

## PARTIES

1. Plaintiff Victor Abrigo (hereinafter "Plaintiff") is an adult individual who resides at the above-listed address in New York State.

2. Defendant Airbnb, Inc. (hereinafter "Airbnb") is a corporation, partnership, and/or other business entity existing under the laws of the Commonwealth of Delaware, which lists its place of business as the above-listed address.



Case ID: 260302348

3. Defendant Philip Rissler is a resident of Pennsylvania and a presumptive owner of the home at 807 Weavertown Road, Myersville, PA.

4. Defendant Carolyn Rissler is a resident of Pennsylvania and a presumptive owner of the home at 807 Weavertown Road, Myersville, PA.

5. The Rissler Defendants (hereinafter "the Hosts") appear to be husband and wife.

6. The Rissler Defendants' 807 Weavertown address is described by the marketing moniker Mansion in the Pines.

7. Defendant Airbnb operates a business matching short-term rental customers like the Plaintiff and his family with property owners like the Hosts.

8. The Rissler Defendants rented Mansion in the Pines to the Plaintiff's family through Airbnb's rental application.

9. To the extent that Mansion in the Pines is registered as a corporation, Plaintiff identifies that corporation as John Doe Corporation until discovery reveals further information about it.

**JURISDICTION AND VENUE**

10. Jurisdiction and venue are proper in the Court of Common Pleas for Philadelphia County.

11. This court has jurisdiction for the following reasons:

12. This Court has personal jurisdiction over Airbnb because Airbnb is engaged in substantial and not isolated activities in Philadelphia, Pennsylvania.

13. The Court also has jurisdiction over Airbnb because Airbnb caused injury to Plaintiff within Pennsylvania.

14. The injury occurred in a property rented from and through Airbnb by Plaintiff's family in Pennsylvania.

15. The Hosts are citizens of the Commonwealth of Pennsylvania.

16. Airbnb promoted, advertised, and rented properties, including the subject property, for use by the public in the Commonwealth of Pennsylvania for all time periods relevant hereto.

17. This Court has jurisdiction over Airbnb, which conducts substantial business in Philadelphia County.

18. The amount in controversy exceeds fifty thousand dollars ($50,000.00), exclusive of interest and costs.

**COUNT I**
**PLAINTIFFS v. DEFENDANT AIRBNB**

19. The preceding paragraphs are incorporated by reference as if fully set forth herein.

20. Airbnb offers rental properties to the public through individual hosts across the globe.

21. Airbnb touts trust as a value through "verified listings" and Airbnb's "commitment to your safety."

22. Airbnb advertises itself and its properties as better than hotels for families through representations like "Some trips are better in an Airbnb."

23. Airbnb's commercials frequently lament that hotel rooms offer less space and less value going as far as to state: "If you're planning on all getting together, why stay in hotel rooms and not be together," and "Maybe you need more than a hotel room. Get an Airbnb and get more space.

24. Despite Airbnb's representations about safety and suitability for families, Airbnb falls short of its promise for safe stays.

25. Airbnb's claims were deceptive, inaccurate, and misled the Plaintiff and his family about the safety of the Mansion in the Pines.

26. Airbnb promoted, advertised, and rented properties, including the Mansion in the Pines for use by consumers such as the Abrigo family in the State of Pennsylvania.

27. Defendant had a duty to inspect, maintain, warn of and/or otherwise correct and remove the aforementioned dangerous condition.

28. Defendant breached its duty to the Plaintiff and Plaintiff was injured as a result.

29. It is further averred that the aforesaid incident was caused solely by the negligence of the Defendant and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

30. As a result of the Defendants' negligence detailed below, Victor Abrigo was injured in the following manner.

31. During the Abrigo family stay, Abrigo was asleep in one of the bedrooms.

32. Photos of the bedroom location are annexed hereto as Exhibits A and B.

33. Mr. Abrigo went to use the staircase to go down the stairs.

34. Mr. Abrigo lost his balance, slipped on the slippery flooring, and when he attempted to catch himself to prevent his fall, the wood banister gave way or flexed or was unable to support his insubstantial weight to prevent his fall.

35. Further, Defendant Hosts, had failed to install handrails at any point in the stairwell.

36. As a result, Abrigo fell down the flight of stairs.



Case ID: 260302348

37. He was injured as a result of this fall.

38. He was immediately taken to the hospital and diagnosed with an acute thoracic or spinal compression fracture.

39. The preceding paragraphs are incorporated by reference as if fully set forth at length below.

40. Airbnb offers rental properties to the public through individual hosts across the globe.

41. Airbnb boasts over "5 million hosts who have welcomed over 2 billion guest arrivals in almost every country across the globe" and "unique stays and experiences that make it possible for guests to connect with communities in a more authentic way."

42. Airbnb touts trust as a value through "verified listings" and Airbnb's "commitment to your safety."

43. Airbnb advertises itself and its properties as better than hotels for families through representations like, "Some trips are better in an Airbnb."

44. Airbnb's commercials frequently lament that hotel rooms offer less space and less intimacy for family get-togethers, going as far as to state: "If you're planning on all getting together, why stay in hotel rooms and not be together," and "Maybe you need more than a hotel room. Get an Airbnb and get more space."

45. Despite Airbnb's representations about safety and suitability for families, Airbnb falls short of its promise for safe stays.

46. Numerous regulations in Pennsylvania at the state, county, and municipal level require owners and operators of rental properties to have their properties

inspected and licensed before they are rented out to the public, in part to ensure compliance with safety requirements.

47. Upon information and belief, Airbnb does not require its hosts who rent property in Pennsylvania to comply with inspection and licensing requirements.

48. Airbnb does not investigate whether a Pennsylvania property host is licensed before allowing the host to have their properties advertised, promoted, and ultimately rented to the public through Airbnb.

49. The Abrigo family rented Mansion in the Pines through the Airbnb application.

50. The Abrigo family rented the Mansion in the Pines from the Hosts through Airbnb.

51. To the extent applicable, the Abrigo family rented the Mansion in the Pines from John Doe Corporation through Airbnb.

52. The Abrigo family chose to rent Mansion in the Pines through Airbnb in reliance upon Airbnb's representations that its properties, including Mansion in the Pines, are better than hotels for family vacations and offer the comforts and safety of home.

53. The Abrigo family is a large extended family that makes a concerted effort to get together for the purpose of connection and communion. The Mansion in the Pines offered the opportunity to do that through its size and facilities, and Airbnb promised that connection and comfort.

54. The Mansion in the Pines was not appropriately licensed or inspected under applicable Pennsylvania, Lebanon County, and Myerstown Borough regulations governing short term rental properties.

55. The Mansion in the Pines did not comply with the Commercial Building Code.

56. Airbnb had a duty to ensure that the Mansion in the Pines was safe for use by Plaintiffs by providing, obtaining, and ensuring state and municipal licensure, and obtaining and ensuring a routine property inspection.

57. Airbnb owed Plaintiff a duty of reasonable care, violated its duty, and was negligent, as set forth herein.

58. Airbnb published and placed before Abrigo and his family advertisements, statements, and representations regarding the safety, security, and comforts of renting the Mansion in the Pines and induced Abrigo and his family to rent through Airbnb to the benefit of Airbnb.

59. Abrigo and his family would not have stayed at the Mansion in the Pines absent Airbnb's advertisements, statements, and representations.

60. Airbnb's advertisements, statements, and representations regarding the safety, security, and comforts of the Mansion in the Pines were untrue, deceptive, and/or misleading because the Mansion in the Pines did not comply with state and local Codes pertaining to commercial buildings and/or residential properties for rental.

61. At all times mentioned herein and material thereto, Airbnb made or allowed to be made misrepresentations regarding the safe condition of the stairways at its location.

62. At all pertinent times, Defendant acted by and through its respective agents, employees, servants, and/or workmen, the Hosts, who were acting within the course and scope of their employment and authority.

63. Plaintiff was lawfully upon the premises at Mansion in the Pines.



Case ID: 260302348

64. Plaintiff was entitled to rely upon Defendant's proclamations that the Mansion in the Pines was safe for its intended usage and free from dangers and obstructions.

65. Plaintiff was a business invitee at Mansion in the Pines and entitled to the highest possible duty of care.

66. As a result of the fall as described above, Mr. Abrigo sustained multiple injuries including, but not limited to, acute moderate compression fracture of the T2 superior vertebral endplate, knee abrasions, head impact, chest wall tenderness, tenderness to the right shoulder, lacerations, and other injuries.

67. As a result of this incident, Plaintiff has required extended medical attention, medical care, physical therapy, and has been required to expend various sums of money and incur diverse medical expenses.

68. As a further result of the incident, Plaintiff has, may, and will probably in the future continue to suffer great pain and extreme agony, mental anguish, physical pain, humiliation, and has been, and probably will in the future be hindered and prevented from attending to his usual daily duties, labors, and household chores, all to his great and continuing detriment and loss.

69. As a direct and sole result of this incident, Plaintiff has incurred hospital, physicians, and medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she may hereinafter incur other financial expenses, medical bills, diagnostic charges, surgical bills, hospital bills and/or other losses which do or may exceed amounts which she may otherwise be entitled to recover.

70. Plaintiff has also incurred non-economic losses, including pain and suffering, disfigurement, and/or a scar on her wrist.

71. As a further result of this occurrence, Plaintiff has suffered an injury, which may permanently impair his normal spinal function.

**WHEREFORE**, Plaintiff Victor Abrigo respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Airbnb in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory, economic, and non-economic damages, in addition to all other damages permitted by law.

**COUNT II**
**PLAINTIFF VICTOR ABRIGO v. DEFENDANTS PHILIP AND CAROLYN RISSLER**

72. The preceding paragraphs are incorporated by reference as if fully set forth herein.

73. The Hosts invested substantial amount of time and money in marketing and managing the Mansion in the Pines.

74. Despite this investment of time and money, the Hosts failed to ensure that the premises were safe for use by its intended beneficiaries, its business guests.

75. Plaintiff was a business invitee at Mansion in the Pines and entitled to the highest possible duty of care.

76. For a significant period of time prior to September 6, 2023, Defendant knew or should have known that there existed a dangerous condition of the floors, banister, and stairway, which presented a hazard to visitors such as Plaintiff.

77. Defendant owed a duty to Plaintiff to inspect and discover dangerous conditions such as the unsteady banister above the stairs, absent handrails, and slippery flooring.

78. Defendant owed a duty to Plaintiff to inspect and discover that the stairways to Mr. Abrigo's floor were dangerously steep and should have included a handrail, as required by



Case ID: 260302348

modern building codes such as the International Building Code and the Residential Code, which codes have been adopted in the Commonwealth and in Myerstown Borough.

79. Defendant failed to ensure that the stairways were brought up to code when the building was renovated.

80. Defendant failed to comply with the applicable Commercial building code.

81. The Hosts failed to recognize that the stairways were dangerous.

82. The dangerousness of the stairway was readily observable to the Hosts.

83. Despite this knowledge, Defendant Hosts and Airbnb and John Doe Corporation failed to take reasonable steps to prevent Plaintiff's fall.

84. Defendant failed to warn the Plaintiff of the danger and failed to place warning signs, barriers, caution tape, and/or any other device indicating that the stairway banister was unsafe and that the stairs were not code compliant and did not have handrails.

85. Defendants' failures occurred despite the problems with the stairway being apparent, open, and visible to the Defendant, and in existence for a sufficient length of time prior to the aforesaid occurrence for the Defendant to have had actual and/or constructive knowledge thereof.

86. Defendants knew or in the exercise, of reasonable care should have known of the dangerous condition.

87. Plaintiff avers that the negligence of the Defendant consisted of the following:

> a) Permitting the existence of a dangerous condition to wit: unsafe stairways with unsafe banisters, absent handrails and missing other safety devices, which created a danger;
>
> d) Failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the hazardous condition and/or otherwise dangerous condition;

e) Failing to comply with modern building and residential codes, which are long standing and well-recognized to promote safe use of stairs;

f) Failing to comply with the Commercial building codes.

g) Failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

h) Failing to maintain the premises and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to visitors and people such as Plaintiff lawfully on the premises;

i) Failing to properly and adequately inspect said area to ascertain the existence of the dangerous and hazardous condition which existed;

j) Failing to properly and adequately correct the hazardous, dangerous, and unsafe condition of the area;

k) Failing to exercise due care under the circumstances;

l) Allowing the dangerous condition to remain on the premises for an unreasonably prolonged period of time;

m) Disregarding the rights, safety, and the position of the Plaintiff, who was a business invitee and failing to use the required degree of due care;

o) Failing to maintain the premises in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

p) Failing to comply with standards in the rental and hospitality industry for rental use by members of the public;

q) Failing to comply with building codes for stairs.

88. For a significant period of time prior to August 4, 2024, Defendant knew or should have known that there existed a dangerous condition of the floors, banister, and stairway, which presented a hazard to visitors such as Plaintiff.

89. At all times material hereto, Defendant Hosts did own, possess, control, operate, supervise, and maintain, lease, and/or was responsible for allowing a dangerous condition to exist at the premises more particularly described herein, where Plaintiff Abrigo was caused to slip, trip and fall and sustain serious injuries as described below.

90. Upon information and belief, Defendant Hosts did own, possess, control, operate, supervise, maintain, and/or was otherwise responsible for the safe condition of the stairways at Mansion in the Pines.

91. At all times relevant, Defendant Hosts were charged with and was responsible for the management and/or maintenance of the steps, stairs, staircases, and bannisters at Mansion in the Pines.

92. The Mansion in the Pines was not appropriately licensed or inspected under County or State regulations governing rental properties.

93. Defendant owed a duty to Plaintiff to inspect and discover dangerous conditions such as the unsteady banister above the stairs, which was not sufficiently stable to support a person leaning on it or holding it for support.

94. Defendant owed a duty to Plaintiff to inspect and discover that the stairways to Mr. Abrigo's floor were dangerously steep and should have included a handrail, as required by modern building codes such as the International Building Code and the Residential Code, which Codes have been adopted in the Commonwealth and in Lebanon County.

95. Defendant Hosts failed to ensure that the stairways were brought up to code when the building was renovated.

96. Defendant Hosts failed to ensure that the stairways complied with the local, state, and national building and residential property maintenance codes, though these are well-established minimum quality standards for safe operation of rental homes, hotels, and businesses intended for use by the public.

97. Defendant Hosts failed to recognize that the stairways were dangerous according to any modern building code.

98. The dangerousness of the stairway was readily observable to the Hosts.

99. Despite this knowledge, Defendant Hosts failed to take reasonable steps to prevent the Plaintiff's fall.

100. Defendant failed to warn the Plaintiff of the danger and failed to place warning signs, barriers, caution tape, and/or any other device indicating that the stairway banister was unsafe and that the stairs were not code compliant and did not have handrails.

101. Defendants' failures occurred despite the problems with the stairway being apparent, open, and visible to the Defendant, and in existence for a sufficient length of time prior to the aforesaid occurrence for the Defendant to have had actual and/or constructive knowledge thereof.

102. Defendants knew or in the exercise, of reasonable care, should have known of the dangerous condition.

103. Defendant had a duty to inspect, maintain, warn of and/or otherwise correct and remove the aforementioned dangerous condition.

104. Defendant breached its duty to the Plaintiff and Plaintiff was injured as a result.

105. The aforesaid incident was caused solely by the negligence of the Defendant(s) and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

106. As a result of this incident, Plaintiff has required extended medical attention, medical care, and has been required to expend various sums of money and incur diverse medical expenses.

107. As a further result of the incident, Plaintiff has, may, and will probably in the future continue to suffer great pain and extreme agony, mental anguish, physical pain, humiliation, and has been, and probably will in the future be hindered and prevented from attending to his usual daily duties, labors, and household chores, all to his great and continuing detriment and loss.

108. As a direct and sole result of this incident, Plaintiff has incurred hospital, physicians, and medical bills and expenses in and about an effort to cure himself of the aforesaid injuries, and he may hereinafter incur other financial expenses, medical bills, and diagnostic charges, which do or may exceed amounts which she may otherwise be entitled to recover.

109. Plaintiff has also incurred non-economic losses, including pain and suffering.

**WHEREFORE,** Plaintiff Victor Abrigo respectfully requests that this Honorable Court enter judgment in his favor and against the Hosts Philip and Carolyn Rissler in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory, economic, and non-economic damages, in addition to all other damages permitted by law.

**COUNT III**
**PLAINTIFF VICTOR ABRIGO v. DEFENDANT JOHN DOE CORPORATION**

110. The preceding paragraphs are incorporated by reference as if fully set forth herein.

111. To the extent that the Hosts operated Mansion in the Pines as a corporation, the averments made herein are reiterated against that corporation as if set forth herein.

**WHEREFORE,** Plaintiff Victor Abrigo respectfully requests that this Honorable Court enter judgment in his favor and against John Doe Corporation in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory, economic, and non-economic damages, in addition to all other damages permitted by law.

**COUNT IV**
**PLAINTIFF v. DEFENDANT AIRBNB**
**VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL")**

112. The preceding paragraphs are incorporated by reference as if fully set forth herein.

113. The Plaintiff was a person, as defined by Pa.C.S. §201-1 et seq.

114. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices either at, or subsequent to a consumer transaction."

115. The actions of Defendant Airbnb, as aforesaid, constitute unfair or deceptive acts and practices under UTPCPL including, but not limited to, Airbnb's negligent misrepresentations.

116. The actions of Defendant Airbnb violated the UTPCPL in representing that the Mansion in the Pines was of a particular standard, quality, or grade when it was not.

117. The actions of Defendant violated the UTPCPL in producing and marketing in Pennsylvania a product for sale, to wit: a home for rent, to consumers of a nature or quality inferior to or below the standard required by applicable National, State, and Local Codes.

118. The Plaintiff was a foreseeable user of the Defendant's rental service and rental home.

119. As a direct and proximate result of said actions, Mr. Abrigo suffered those harms and losses detailed above.

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant Airbnb, in an amount in excess of $50,000.00, in addition to any other damages permitted by law.

**COUNT V**
**PLAINTIFF v. DEFENDANT HOSTS**
**VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL")**

120.The preceding paragraphs are incorporated by reference as if fully set forth herein.

121.The Plaintiff was a person, as defined by Pa.C.S. §201-1 et seq.

122. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices either at, or subsequent to a consumer transaction."

123. The actions of Defendant Hosts, as aforesaid, constitute unfair or deceptive acts and practices under UTPCPL including, but not limited to, Host's negligent misrepresentations.

124. The actions of Defendant Hosts violated the UTPCPL in representing that the Mansion in the Pines was of a particular standard, quality, or grade when it was not.

125. The actions of Defendant Hosts violated the UTPCPL in producing and marketing in Pennsylvania a product for sale, to wit: a home for rent, to consumers of a nature or quality inferior to or below the standard required by applicable National, State, and Local Codes.

126. The Plaintiff was a foreseeable user of the Hosts' rental service and rental home.

127. As a direct and proximate result of said actions, Mr. Abrigo suffered those harms and losses detailed above.

**WHEREFORE,** Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant Airbnb, in an amount in excess of $50,000.00, in addition to any other damages permitted by law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as to all eligible issues triable by a jury.

NEUWIRTH LAW OFFICE, LLC

Date: 3/16/2026

By: */s/ Andrew T. Neuwirth*

Andrew T. Neuwirth
PA Attorney ID No. 310079
2200 Renaissance Blvd., Suite 270
King of Prussia, PA 19406
Tel. No. (215) 259-3687
Fax No. (215) 253-5816
andrew@neuwirthlaw.com
Attorney for Plaintiffs

**VERIFICATION**

I, VICTOR ABRIGO, hereby verify that I am the Plaintiff in the attached Complaint and that the information therein is based on information gathered by counsel in the course of this lawsuit, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to penalties of 18 Pa. Cons. Stat. § 4904, relating to unsworn falsification to authorities.

Date: 3/16/2026

VICTOR ABRIGO



Case ID: 260302348
Doc ID: 5e2de68a13f2c3e53b85156e0b4dd343417854f9

**McGivney, Kluger, Clark & Intoccia, P.C.**
**John R. Evans, Esquire**
**Attorney I.D. No. 61899**
**1001 Conshohocken State Road, Suite 2-107**
**Conshohocken, PA 19428**
**Phone: 215-557-1990**
**jevans@mkcilaw.us.com**

**Attorney for Defendants,**
**Philip G. Rissler and**
**Carolyn A. Rissler**

Filed and Attested by the
Office of Judicial Records
02 APR 2026 09:45 am
L. BREWINGTON

| | | |
|---|---|---|
| VICTOR ABRIGO | : | COURT OF COMMON PLEAS OF |
| Plaintiff | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | CIVIL ACTION – LAW |
| | : | |
| AIRBNB, INC, et al | : | MARCH TERM 2026 |
| Defendants | : | NO. 02348 |

**ENTRY OF APPEARANCE**

TO THE PROTHONOTARY:

Kindly enter the appearance of John R. Evans, Esquire as counsel of record in the above-captioned matter on behalf of defendants, Philp G. Rissler and Carolyn A. Rissler.

Respectfully Submitted,

**MCGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.**

Dated: April 2, 2026

By: /s/ *John R. Evans*
JOHN R. EVANS, ESQUIRE
Attorney for Defendants, Philp G. Rissler and Carolyn A. Rissler

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Entry of Appearance on behalf of Defendants, Philp G. Rissler and Carolyn A. Rissler, with the Philadelphia County Court of Common Pleas, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's system.

**MCGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.**

Dated: April 2, 2026

By: /s/ *John R. Evans*
JOHN R. EVANS, ESQUIRE
Attorney for Defendants, Philp G. Rissler and
Carolyn A. Rissler